RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE 10/17/12

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| GERALD D. THIBODEAUX | DOCKET NO. 11-CV-2135; SEC. P |
| VERSUS | JUDGE DEE D. DRELL |
| PAT THOMAS, ET AL. | MAGISTRATE JUDGE JAMES D. KIRK |

## REPORT AND RECOMMENDATION

Pro se plaintiff Gerald D. Thibodeaux filed the instant civil rights complaint, pursuant to 42 U.S.C. §1983. Plaintiff is an inmate in the custody of the Louisiana Department of Corrections and is incarcerated at the Winn Correctional Center ("WNC") in Winnfield, Louisiana. Plaintiff complains that he is being denied adequate dental care. He prays for injunctive relief and damages.

### Factual Allegations

Plaintiff complains that he was approved for oral surgery to remove a cracked wisdom tooth or molar, and he has been waiting over a year for the procedure. According to his complaint, amended complaint, and exhibits, Plaintiff was examined on August 24, 2010, concerning a cracked molar. The dentist determined that the tooth (#19) needed to be extracted, and he put Plaintiff the dental appointment list for November. [Doc. #12-1, p.3] On October 13, 2010, Plaintiff requested that the tooth be pulled that day, but no dental assistant was available. On November 4, 2010, Plaintiff had an appointment with Dr. Engelson to have the tooth extracted. Plaintiff received an injection of Lidocaine® 2% 1:100,000 EPI 1.8 cc, as well as .5% Novocaine. When the dentist attempted to

extract the tooth, Plaintiff jumped and stated that he felt pain. [Doc. #12-1, p.3] Dr. Engelsen then administered an additional 1.8 cc Lidocaine® 2% 1:100,000 EPI. Once again, Plaintiff "made noise and jumped in [the] chair" when Dr. Engelsen attempted to extract the tooth. [Doc. #12-1, p.3] The dentist determined that oral surgery would be needed to extract the tooth due to the risk of injury from Plaintiff's jumping in the chair. Plaintiff was referred an oral surgeon at Forcht Wade Correctional Center. [Doc. #12-1, p.3 & 13]

Plaintiff had a routine care appointment on November 22, 2010. Dr. Engelsen noted that Plaintiff reported no pain from the tooth at issue, but that the tooth had a high risk of fracture and needed surgical extracting. [Doc. #12-1, p.3] On January 24, 2011, Plaintiff saw Dr. Engelson again. He was given medication for pain, and the dentist noted that Plaintiff had a surgery appointment scheduled at Forcht Wade Correctional Center to extract the tooth. There were no signs of infection. [Doc. #12-1, p.3]

On February 18, 2011, Plaintiff was evaluated and scheduled for a filling on a different tooth (#19). The filing was performed on April 1, 2011, after Plaintiff was administered Lidocaine® 2% 1:100,000 EPI 1.8 cc.

WNC transported Plaintiff to the oral surgery clinic on June 17, 2011. [Doc. #12-1, p.17/19] However, Plaintiff states that he was denied the necessary procedure without examination or x-ray.

2

Plaintiff was transported again to LSU clinic on April 2, 2012.[1] He states that after a brief visual of his tooth, he was told that he would not be receiving surgery that day. [Doc. #12, p.4/10] Plaintiff complains that he is at risk of infection, and suffers tooth and gum pain.

Plaintiff named as defendants Dr. Engelsen, Medical Director Pat Thomas, and Corrections Corporation of America (CCA).

### Law and Analysis

Plaintiff is a convicted inmate in the custody of the LDOC. The constitutional right of a convicted prisoner to safe conditions of confinement and prompt and adequate medical care is based upon the Eighth Amendment's prohibition of cruel and unusual punishment. However, rights guaranteed under the Eighth Amendment are violated only if the defendants act with *deliberate indifference* to a substantial risk of serious harm, which results in injury. Deliberate indifference requires that the defendants have subjective knowledge of the risk of harm. Mere negligence or a failure to act reasonably is not enough. **The defendants must have the subjective intent to cause harm.** Estelle v. Gamble, 429 U.S. 97, 104 (1976).

Thus, in order to establish an actionable constitutional violation, a plaintiff must allege facts tending to establish that

---

[1] Plaintiff provides no factual allegations, complaints, or exhibits/medical records for the time period between June 2011 and April 2012.

3

the defendants were deliberately indifferent to his serious medical needs and safety. Thompson v. Upshur County, Texas, 245 F.3d 447, 457 (5th Cir. 2001). A showing of deliberate indifference with regard to medical treatment requires the inmate to submit evidence that prison officials "'refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs.'" Domino v. Texas Dep't of Criminal Justice, 239 F.3d 752, 756 (5th Cir.2001) (citation omitted). Plaintiff's pleadings fall far short of alleging facts sufficient to establish deliberate indifference on the part of any of the named defendants. It is evident that neither Dr. Engelson nor Ms. Thomas refused to treat him or ignore his complaints. He was seen for the complained of pain and for regular hygiene appointments. He received a filling for another tooth that was bothersome. He was referred to an outside specialist for the tooth extraction.

It is also evident that neither Engelson nor Thomas treated him incorrectly. Dr. Engelson tried to pull the tooth himself in the dental clinic, but Plaintiff was not cooperative and jumped around in the chair, even after multiple doses of sedation. Plaintiff chose to not have Dr. Engelson pull the tooth. In turn, he was referred to a surgeon outside of Winn Correctional and CCA. There are no allegations that either Engelson or Pat Thomas engaged in any conduct that would clearly evince a wanton disregard for any

4

serious medical need. There are no allegations that either Engelson or Thomas intended to cause harm to Plaintiff.

Plaintiff claims that CCA is also deliberately indifferent to his serious medical need. A private corporation performing a government function is liable under §1983 only if there is an official custom or policy that could subject it to §1983 liability. See Victoria v. Larpenter, 369 F.3d 475, 482 (5th Cir. 2004), citing Monell, 436 U.S. at 691-92, 98 S.Ct. 2018. Also, a claimant must demonstrate that the corporate action was taken with the requisite degree of culpability and show a direct causal link between the action and the deprivation of federal rights. Victoria, 369 F.3d at 482, citing Bd. of County Comm'rs of Bryan County, Oklahoma v. Brown, 520 U.S. 397, 404, 117 S.Ct. 1382, 137 L.Ed.2d 626 (1997). Culpability may be shown either through an unconstitutional official policy or through a facially innocuous policy that was implemented with deliberate indifference to a known or obvious consequence that a constitutional violation would result. See Piotrowski v. City of Houston, 237 F.3d 567, 578, reh'g en banc den'd, 251 F.3d 159 (5th Cir.), cert. den'd, 534 U.S. 820 (2001). To establish the causation element, a plaintiff must show that the policy is the moving force behind the violation. Id. at 580.

Plaintiff complains that CCA is liable because it has a "policy which denies plaintiff access to needed dental care." He

5

states that an unspecified policy of CCA has "delayed and/or denied plaintiff access to recommended oral surgery [which] amounts to negligence and/or deliberate indifference." [Doc. #16, p.2] Plaintiff has not identified a policy or custom or deliberate indifference. Plaintiff has not been told that he cannot have the surgery. As of his last communication, he was still on the waiting list. Plaintiff was given the option of having the dentist perofrm the extraction with local anesthesia. He has not allege deliberate indifference by any of the defendants.

Plaintiff seeks injunctive relief, presumably in the form of a court order that he be moved to the top of the priority list for having his tooth pulled, as he is already on the waiting list for the procedure. Injunctive relief in the form of "superintending federal injunctive decrees directing state officials" to act or refrain from acting in a certain manner is an extraordinary remedy. See Morrow v. Harwell, 768 F.2d 619, 627 (5th Cir.1985). Plaintiff has not demonstrated that such an extraordinary remedy is appropriate.

### Conclusion

For the forgoing reasons, **IT IS RECOMMENDED** that Plaintiff's complaint be **DENIED AND DISMISSED** with prejudice for failing to state a claim for which relief can be granted pursuant to 28 U.S.C. §1915(e).

**Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen**

(14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing. No other briefs or responses (such as supplemental objections, reply briefs etc.) may be filed.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See Douglass v. USAA, 79 F.3d 1415 (5th Cir. 1996).

Thus done and signed at Alexandria, Louisiana, this 16th day of October, 2012.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE